**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EMIL ASLANOV,

Petitioner,

v. No. 2:26-cv-03024-KG-JHR

DORA CASTRO, *Warden*,
*Otero County Processing Center; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Emil Aslanov's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1 and the Government's Response, Doc. 10. For the reasons below, the Court grants the habeas petition and orders his immediate release.

## *I. Background*[1]

Petitioner, a native and citizen of Russia, entered the United States without inspection or parole on or about August 9, 2022. Doc. 1 at 3. He was detained briefly and then the Department of Homeland Security ("DHS") released him on his own recognizance. *Id.* Over the next three years, Petitioner lived and worked in the country and attended all required immigration check-ins. *Id.* During that time, on November 7, 2023, an Immigration Judge ("IJ") ordered Petitioner removed to Russia. *Id.* Petitioner appealed that decision with the Board of Immigration Appeals ("BIA"), but later withdrew his appeal, rendering his removal order administratively final on March 3, 2026. *Id.*

[1] The Government does not contest the facts presented in the Petition but instead "relies on [its] response, previously filed in this case." Doc. 10 at 1; *see also Aslonov v. De Anda-Ybarra*, No. 2:26-cv-02299-KG-JHR, 2026 WL 2268616 (D.N.M. Aug. 6, 2026).

On December 4, 2025, Petitioner was re-arrested by U.S. Immigration and Customs Enforcement ("ICE") and taken into custody when he appeared for a scheduled check-in. *Id.* Since then, he has remained in continuous immigration detention currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* at 1. Petitioner filed his first habeas petition with this Court on July 15, 2026. *See Aslonov v. De Anda-Ybarra*, No. 2:26-cv-02299-KG-JHR, 2026 WL 2268616 (D.N.M. Aug. 6, 2026). That petition alleged his detention violated the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment because his "removal [was] not significantly likely in the reasonably foreseeable future." *Aslonov*, No. 2:26-cv-02299-KG-JHR, Doc. 1 at 4 (D.N.M. July. 15, 2026). The Government opposed the petition. *See Aslonov*, No. 2:26-cv-02299-KG-JHR, Doc. 9 (D.N.M. July. 28, 2026). Although the Government acknowledged "the timeline to remove Petitioner is currently unknown," it stated it was "optimistic [it] would be able to remove Petitioner soon . . . pending [travel document] issuance from Russian/Consulate Embassy." *Id.* at 30–31. Applying the six-month presumption of reasonability identified by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court therefore denied the Petition. *See Aslonov*, 2026 WL 2268616, at *2.

On September 10, 2026, Petitioner filed a second habeas petition with the Court. *See* Doc. 1. This Petition also seeks immediate release on the basis that his removal is not reasonably foreseeable. *Id.* at 4, 6–7. The Government opposes the Petition. *See* Doc. 10. The Government states: "While the timeline to remove Petitioner is currently unknown, [DHS] anticipates that it will be able to remove Petitioner in the near future." *Id.* at 4.

## *II. Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is

available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.* at 682, 689; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must . . . rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Douglas v. Baker*, 812 F. Supp. 3d 525, 532–33 (D. Md. 2025). DHS regulations allow the government to extend the removal period "if the [noncitizen] fails or refuses to make timely application in good faith for travel or other documents necessary

to the [noncitizen's] departure or conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 C.F.R. § 241.4(g)(1)(ii).

### *III. Analysis*

Petitioner's detention violates due process. To start, the *Zadvydas* burden-shifting framework applies. Petitioner's removal order became administratively final on March 3, 2026, when he withdrew his appeal. Doc. 1 at 3. He has now been continuously detained for more than seven months since that date, which exceeds the six-month presumptively reasonable period of detention.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Although the Court denied Petitioner's first habeas petition because his post-removal detention had not yet exceeded six months—and because and the Government indicated it was optimistic it would "soon" be able to effectuate removal, *see Aslonov*, No. 2:26-cv-02299-KG-JHR, Doc. 9 at 30–31—seven months have now passed since Petitioner's removal order became administratively final. The Government again states it is confident that Petitioner will be removed in "in the near future," but it also concedes that the "timeline to remove Petitioner is currently unknown[.]" Doc. 10 at 4. Such equivocation from the Government is insufficient to meet its burden at this juncture under the *Zadvydas* framework. *See Momennia v. Bondi*, No. 25-cv-1067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention."), *R&R adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Vargas v. Noem*, No. 25-cv-3155-JWL, 2025 WL 2770679, at *3 (D. Kan. Sept. 29, 2025) (same).

## *IV. Conclusion*

For the reasons above, Petitioner's continued detention violates § 1231(a). The Court therefore orders that:

1. The Government shall release Petitioner within forty-eight (48) hours of this Order. The Government shall not impose any new conditions of release.
2. Upon Petitioner's release, the Government must return all of his property, including any identification documentation that was in his possession when he was detained. The Government shall also provide a copy of this Order to Petitioner.
3. The Government is enjoined from re-detaining Petitioner absent a showing that his removal is reasonably foreseeable—such as communications from foreign governments and the Government's anticipated timeline.
4. The Government shall file a status report within ten (10) business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.